UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00275-RJC

| | |
|---|---|
| OCTAVIOUS EDWARD ELMORE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>MECKLENBURG COUNTY )<br>SHERIFF'S DEPT., et al., )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A. He is proceeding in forma pauperis. [Docs. 5, 8].

**I.     BACKGROUND**

Pro se Plaintiff Octavious Edward Elmore ("Plaintiff") is currently detained at the Mecklenburg County Jail (the "Jail") in Charlotte, North Carolina. He filed this action pursuant to 42 U.S.C. § 1983 on May 9, 2023, against Defendants Mecklenburg County Sheriff's Department ("Sheriff's Department") and Gary McFadden, identified as the Sheriff of Mecklenburg County.[1] [Doc. 1]. He purports to sue both Defendants in their individual and official capacities. [Id. at 2]. Plaintiff claims that his rights under the First, Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution and Article 1, Sections 1, 13, 14 and 19, of the North Carolina Constitution were violated. Plaintiff also claims medical malpractice, violation of Jail "S.O.P Policy," ("Policy") and violation of 18 U.S.C. §§ 1702 and 1703. [Id. at 2].

---

[1] Plaintiff's Complaint was written in pencil and is very difficult to read. **Plaintiff is instructed to use pen in preparing any future submissions to the Court.**

Plaintiff alleges, in summary, as follows. On November 24, 2023,[2] Plaintiff "was placed in the custody of" Defendant Sheriff's Department. [Id. at 3]. On initial screening, Plaintiff told the screening nurse that he was experiencing severe, stress-related chest pains "that felt like a clogged or blocked artery." Plaintiff was referred to medical and seen by a doctor, who prescribed Plaintiff prednisone, which Plaintiff alleges is an antacid used to treat "reoccurring bile," and Tylenol and Ibuprofen. Since in custody, Plaintiff has received three E.K.G.s. Plaintiff, however, informed medical personnel that "the issue" would not be detected without a "more invasive approach such as a cat scan." Medical personnel admitted a CAT scan is necessary, but they have not made a recommendation for this procedure and continue to charge Plaintiff $20.00 per sick call. Medical personnel misdiagnosed Plaintiff and several other inmates "if not over thirty" that have suffered from the same treatment.[3] With his current medications, Plaintiff's condition has gotten "substantially worse" and he has suffered "reoccurring" headaches for the last six months, some requiring 24 hours of bed rest. [Id.].

Plaintiff is a Muslim. [Id. at 3]. Defendants' Policy regarding the observance of Ramadan was insufficient to allow full observance of the holy fast. [Id. at 3-4]. Muslims started the holy month of fasting a day late and discontinued a day early "due to Mecklenburg County Sheriff's Department Staff." Muslims at the Jail were provided two meals and a snack bag each day during the holy month, while other detainees were provided three hot meals. At the end of the fast, albeit

---

[2] The Court assumes for the sake of initial review that Plaintiff meant 2022, not 2023.

[3] Plaintiff alleges that these individuals will be added as parties to this action "as deemed necessary." Plaintiff is admonished that multiple prisoners may not join as plaintiffs in a single § 1983 action, primarily because of the filing fee requirement found in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b)(1). See Davis v. Aldridge, No. 3:20-cv-00592, 2020 WL 5502306, at *1 (S.D. W.Va. Sept. 11, 2020) (collecting cases). Moreover, a pro se inmate may not represent other inmates in a class action, Fowler v. Lee, 18 Fed. App'x 164, 165 (4th Cir. 2001), and may not sign pleadings on their behalf, Davis, 2020 WL 5502306, at *1 (citation omitted).

2

a day early, the Jail issued Muslims a sandwich bag with ten peanuts and three dates in celebration of Eid al-Fitr, the Muslim holiday marking the end of Ramadan. The events "severely hampered" Plaintiff's First Amendment free exercise rights. [Id. at 4].

Under Defendants' Policy, outgoing mail is opened, and Plaintiff's legal mail is opened outside his presence "with the express intent to prejudice criminal and civil procedures against Plaintiff." Plaintiff also alleges, however, that Defendants violated their own policy by not opening Plaintiff's legal mail in his presence. Plaintiff "suffered irreparably" from his mail being withheld in violation of 18 U.S.C. §§ 1702 and 1703. [Id.].

Plaintiff is housed in the Disciplinary Detention Unit (DDU), where "the conditions are appalling." The lighting is purposely set at the "highest voltage possible," contributing to a "very high rate of migraines and inmates passing out." These conditions constitute cruel and unusual punishment. Plaintiff has suffered from breathing difficulties in DDU from black mold in the air suction vent. [Id.]. The kitchen at the Jail never passes inspection. Plaintiff's blanket is not cleaned, and he receives clean jumpsuits, towels, and washcloths only every two weeks. Food is served on dirty trays. Pencils and non-religious reading materials are confiscated. DDU inmates are denied access to a book cart and prevented from ordering canteen food "prior to being found guilty," presumably of a Jail infraction. At the Jail, detainees are allowed only a 15-minute shower on Sundays and no recreation time in violation of the Jail's Policy, which guarantees an hour of recreation time per day. [Id. at 5]. Finally, Defendants are using former COVID protocols to continue restricting the rights and privileges of detainees, including "visitation in D.D.U., copies of Grievance Forms, Inmate trust fund printed out history without court subpoena, [and] lock down at 11:00 pm when the phones technically cut off" and the facility "uses mandatory clean up days as a means to punish and keep inmates locked in their cells." [Id. at 5-6].

3

Other than Plaintiff's allegations regarding the maintenance of certain policies by Defendants, Plaintiff fails to identify or name as Defendants any of the individuals responsible for the alleged conduct. For injuries, Plaintiff claims he is experiencing daily breathing difficulties, severe migraines, "the harshest chest pain he's ever felt in his life," and "mental & emotional damages." [Id. at 6]. For relief, Plaintiff seeks monetary, injunctive, and declaratory relief, and punitive damages. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right

secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).  Plaintiff's Complaint fails for several reasons.

### A. Multiple Unrelated Claims

To begin, a plaintiff may not assert unrelated claims against unrelated defendants in a single action.  See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act).  "For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants."  Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017).  A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact.  Fed. R. Civ. P. 20(a)(2).  Here, Plaintiff only names the Mecklenburg County Sheriff's Department and Sheriff McFadden as Defendants but brings numerous presumably unrelated claims in a single action.  Thus, had Plaintiff identified and named as Defendants the individuals responsible for the alleged conduct, he would be unable to bring unrelated claims in a single action in any event. The Court cannot blindly select which related set of facts and (unnamed) Defendants Plaintiff might want to pursue in this action. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (the courts are not required to be "mind readers" or "advocates" for incarcerated or pro se litigants.).  As such, Plaintiff's Complaint fails on this ground alone.

B.  **Defendant Mecklenburg County Sheriff's Department**

Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985) (1985) (quoting Monell v Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 (1978)). As such, Plaintiff's claims against Defendant Mecklenburg County Sheriff's Department and Defendant McFadden in his official capacity are duplicative and the Sheriff's Department would be dismissed as a Defendant, in any event.

C.  **Official Capacity Claim against Defendant McFadden**

The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21, 112 S.Ct. 1061, 1066 (quoting Monell, 436 U.S. at 691, 98 S.Ct. at 2036). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694, 98 S.Ct. at 2037-38). Here, Plaintiff alleges that Defendants' Policy regarding the observation of Ramadan was insufficient to allow full observance of the holy fast. Plaintiff also alleges, on one hand, that under Defendants' Policy, outgoing mail is opened, and outgoing legal mail is opened outside his presence and, on the other hand, that Defendants violated their own Policy by opening Plaintiff's legal mail outside his presence. Finally, Plaintiff alleges that he is being denied the benefit of the Jail's shower and recreation time Policies. While Plaintiff's allegations regarding the Ramadan observance Policy

may potentially be sufficient to state an official capacity claim, the Court will not presume Plaintiff wishes to proceed on this claim in this action where he cannot pursue unrelated claims against unrelated Defendants in a single action. Rather, as provided below, the Court will allow Plaintiff to amend his Complaint in accordance with the terms of this Order.

### D. Individual Capacity Claim against Defendant McFadden

To establish liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A supervisor can only be liable where (1) he knew that his subordinate "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury;" (2) his response showed "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between her inaction and the constitutional injury. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted). Plaintiff here alleges no personal participation by Defendant McFadden. Rather, Plaintiff's claims against him relate only to the Sheriff's Department's maintenance of allegedly unconstitutional policies. Plaintiff, therefore, has failed to state a claim for relief against Defendant McFadden in his individual capacity and this claim will be dismissed.

For these reasons, Plaintiff's Complaint fails initial review. The Court will allow Plaintiff to amend his Complaint within thirty (30) days of this Order to properly state a claim for relief. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted.

7

Case 3:23-cv-00275-RJC   Document 10   Filed 06/27/23   Page 7 of 8

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: June 27, 2023

_____
Robert J. Conrad, Jr.
United States District Judge